CHIEIT JUSTICE DUVALL
delivered the opinion op the court:
Rowland, being in custody on a charge of felony, entered into a recognizance, with Lady and others as his sureties, in the sum of three hundred and fifty dollars, for his appearance at the next term of the Lyon circuit court. Having failed to appear, the bond was declared forfeited, and a summons awarded requiring the defendants to show cause why judgment should not be rendered against them for the sum specified.
The defendants answered, alleging, in substance, that, at* the time stipulated in the bond for his appearance, he was held and detained by authority of the government of. the United States, as a prisoner, at Camp Morton, in the State of Indiana, and was therefore unable to appear and answer said charge, in compliance with the terms of his bond.
A demurrer to this' response having been overruled, the court below, on the evidence introduced by the defendants,, rendered a judgment in favor of the plaintiff for twenty-five' dollars, and that the forfeited recognizance, as to the residue of the sum therein specified, “be set aside and. remitted.!’
*226 From that judgment the Commonwealth has appealed, insisting that the court below erred, first, in overruling the demurrer to the answer, and secondly, in remitting any part of the sum specified in the bond.
1. The answer was clearly insufficient. The power of the court to remit in such cases is derived solely from the 94th sec. of the Criminal Code, which provides that “if, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond.” It has been held that the discretion here conferred is a judicial, not an arbitrary discretion, to be exercised upon consideration of the facts relied upon in the defense. (1 Met. Ky. Rep., 383.) But the fact that the defendant had been either surrendered or arrested must be shown in the defense, and is indispensable to the exercise of the discretion allowed by this statute. What additional, fact or facts, (if any,) might be necessary to justify the court in remitting the whole or part of the penalty in such cases, is a question the decision of which is not required by the present case. It is sufficient to say that the answer was clearly defective in failing to show either that the defendant had been surrendered or arrested as required by the section referred to.
2. It is proper to add that the bill of exceptions, which purports to contain “all the evidence in the case,” does not show sthat either of the two essential facts mentioned was proved on ithe trial, although in the judgment it is recited that the defendant !bad appeared, was tried upon the indictment, and found mot guilty, &c. If the facts so recited had been sufficiently .alleged and proved, we should have hardly felt authorized, • even in view of the other facts proved, and which are relied on by the appellant as highly prejudicial to the case made out by the appellee, to decide that the court had abused its discretion in rendering the judgment complained of.
But for the error mentioned the judgment is reversed, and the cause remanded with directions to sustain the demurrer to the amended answers, giving the defendants leave to amend ■ if they shall offer to do so within a reasonable time, and for further proceedings not inconsistent with this opinion.